[No. 4404.]

## LESTER L. ROBINSON AND WILLIAM T. COLEMAN v. THE BLACK DIAMOND COAL COMPANY.

RELIEF ON INJURY TO LAND BY MINING.—If a party who is engaged in mining for coal causes water, sand and clay, in a flowing mass, to descend upon the land of another so as to destroy its value for cultivation, and such descent is the direct result of the act of such party, and not the mere result of the law of gravitation, the person whose land is thus injured may recover damages, and enjoin the future commission of said acts.

APPEAL from the District Court, Fifteenth Judicial District, County of Contra Costa.

The complaint averred that the plaintiffs, on the 23d day of September, 1871, were and now are the owners of a tract of land known as the "Los Medanos Rancho," in Contra Costa County, and that, on the same day, the defendant was in possession of a tract of land situated about three miles in a southerly direction from the rancho, which then was and since had been used by the defendant for mining coal, and that, in the conduct of its business of mining, the defendant at said date and ever since had caused to be discharged, etc. The remainder of the allegation is found in the opinion. It was then alleged that the plaintiff had demanded of defendant to abstain from said acts, but the defendant had neglected to comply. Judgment was asked for damages and that the defendant be enjoined. The plaintiff appealed.

The other facts are stated in the opinion.

*Edmond L. Goold,* for the Appellant, argued that the defendant had a right to carry on mining, but it was not a part of that business to cast pernicious compounds on to the plaintiffs' land, and that the complaint excluded the idea

that the destruction of the soil was the legitimate conse-
quence of mining, or the result of the operations of the laws
of nature, and cited *Logan* v. *Driscoll*, 19 Cal. 623; *Jones* v.
*The Festiniog Railway Co.*, 3 Law Rep. 2 Q. B. 736; *Baird* v.
*Williamson*, C. B. N. S. 388; *Smith* v. *Kenrick*, 7 C. B. 515;
*Fletcher* v. *Rylands*, 1 Law Rep. Exch. 277; 1 Domat, Cush.
ed., 1861, Art. 1583.

*W. H. L. Barnes*, for the Respondent, argued that the
complaint did not charge the defendant with any willful or
malicious act, and that the flow downwards was the result
of natural laws, and that it did not therefore state a cause
of action, and cited *Gibson* v. *Puchta* (33 Cal. 310).

By the Court:

The plaintiffs allege that the defendant, in working its
coal-mine, caused to be discharged upon the lands of
the plaintiffs, lying below, a large quantity of the refuse
of the product of the mining ground—a large quantity
of water, as also of the smaller and finer portions of the
coal, together with sand and clay and other refuse mixed
with water—the whole forming a flowing mass, which the
defendant compelled and still compels to descend upon the
land of plaintiffs, covering it to the depth of one foot and
upwards, rendering it incapable of profitable vegetation,
and wholly useless to the plaintiffs. At the trial, the
plaintiffs in opening the case, having read the complaint
and stated that they expected to prove the facts therein al-
leged, were, on motion of the defendant, nonsuited. We are
of the opinion that the court below erred in nonsuiting the
plaintiffs. As we understand the complaint, the invasion
of the plaintiffs' premises was not the result of mere natural
causes. The water charged with the refuse matter of the de-
fendant's mine did not descend upon the land of the plaintiffs
in its natural course of descent, nor as the mere result of
the law of gravitation; it is distinctly alleged in the com-
plaint, on the contrary, that the defendant *compelled* its de-
scent upon the property of the plaintiffs. The damage done
to the lands below is, upon the allegations in the complaint,

the direct result of the acts of the defendant. It is argued by the counsel for the respondent that, notwithstanding it is distinctly alleged in the complaint that the defendant " compelled" the water to descend in the manner complained of, the allegation is without significance in view of the fact that water descends in obedience to natural laws, and, therefore, that it " savors slightly of the absurd" to allege that in this instance the descent was the result of the acts of the defendant. But we see no force in this suggestion. That water would naturally descend is entirely consistent with its descent being so compelled, controlled or directed in a particular instance by human agency as to work an injury to lands lying below, which would not otherwise have resulted.

If damage resulted to the plaintiffs as the direct consequence of this interference of the defendant under circumstances which do not authorize or justify such interference on its part, the defendant is liable.

The plaintiffs having been nonsuited upon reading their complaint, the evidence is of course not found in the record, and we cannot anticipate what the circumstances may turn out to be; but whatever they may prove to be, there is no such defect in the complaint as would support the judgment of nonsuit rendered below.

Judgment reversed, and cause remanded for a new trial.